UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOP MY PORCH, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ASHLEY SIDRANSKY; and DOES 1-10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 21cv2154-LL-BGS<br><br>**ORDER STRIKING DEFENDANT'S RESPONSE**<br><br>**[ECF No. 5]** |

On December 30, 2021, Plaintiff filed her complaint for trademark infringement, as well as other claims, related to the alleged unauthorized use of "Shop My Porch" by Defendant. Plaintiff alleges that "Shop My Porch is a community-led movement to enable small home businesses and makers to create a safe and shoppable front porch for neighbors and members of their nearby communities." ECF No. 1 ¶ 8. On January 8, 2022, Plaintiff served Defendant with a summons and a copy of the complaint. ECF No. 4. On January 28, 2022, Defendant Ashley Sidransky, proceeding pro se, filed a "Response to a Summons in a Civil Action." ECF No. 5.

Under Federal Rule of Civil Procedure 8(b)(1), "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." *See also*

Fed. R. Civ. P. 8(d)(1) (requiring allegations in a pleading to be "simple, concise, and direct"). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1); *see also* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.").

Additionally, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The court may act: (1) on its own; or (2) on motion made by a party . . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). The function of a 12(f) motion to strike is to avoid the expenditure of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted); *see also Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881, 888 (N.D. Cal. 2012) (finding that motions to strike are proper "even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action").

Here, Defendant's "response" contains some requests that are not appropriate in an answer to a complaint. *See*, *e..g.*, ECF No. 5 at 4 ("The Facebook group 'Shop My Neighbor's Porch – SD' was deleted on January 4, 2022 and therefore there is no conflict and the case should be dismissed by the court."). Overall, however, Defendant's response more closely resembles and answer than a motion to dismiss because she generally denies each of Plaintiff's claims without extensive argument or any case citations. However, the response does not otherwise conform to the basic requirements for filing an answer because Defendant does not, in short and plain terms, admit, deny, state that she lacks knowledge or information to admit or deny, or provide an affirmative defense to each of the allegations

in Plaintiff's complaint. Accordingly, Plaintiff has not been given sufficient notice of Defendant's defenses. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Also, without knowing what issues exist, Plaintiff cannot assess whether there are spurious issues. While Plaintiff argues that much, if not all, of the material in Plaintiff's response should be struck because it is immaterial, redundant, or impertinent, the fact that Plaintiff did not meet the basic requirements for filing an answer is sufficient grounds for the Court, on its own, to strike the answer in its entirety.

For the foregoing reasons, the court **STRIKES** Defendant's response at ECF No. 5. Plaintiff's Motion to Strike is **DENIED** as moot. Defendant shall file a response to Plaintiff's complaint that more closely comports with the Federal Rules of Civil Procedure on or before **April 8, 2022**. The Court is providing ample time for Defendant to respond so that she may, if desired, retain counsel to assist her in drafting and filing her response. Given Defendant's initial response, the assistance of counsel would likely facilitate the more efficient resolution of this case.

**IT IS SO ORDERED**.

Dated: March 1, 2022

_____
Honorable Linda Lopez
United States District Judge